**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

JAMES LEVI STOKES,         :
                                 :
         Petitioner,        :
                                 :
v.                            :     CASE NO. 4:11-CV-54-CDL-MSH
                                 :        28 U.S.C. § 2254
Warden JOSE MORALES,     :
                                 :
         Respondent.     :
_____

## AMENDED REPORT AND RECOMMENDATION[1]

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely.  (ECF No. 11.)  Petitioner was notified of the filing of Respondent's Motion to Dismiss on July 13, 2011, (ECF No. 12) and filed responses to the motion on July 26, 2011.  (ECF Nos. 21-22.)  For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

### BACKGROUND

On March 18, 2009, in the Superior Court of Talbot County, Petitioner James Levi Stokes pled guilty to six counts of sexual exploitation of children and was sentenced to thirty years.[2]  (Pet. for Writ of Habeas Corpus 1, ECF No. 1.)  Petitioner did not appeal

_____

[1] This Amended Report and Recommendation replaces the previous R&R filed on September 26, 2011.  The Court inadvertently left out a discussion of a certificate of appealability in this case. This discussion has been added to the Amended R&R at pages 4-5.

[2] Respondents clarify in their Brief in Support of Motion to Dismiss that Petitioner actually plead

this conviction or sentence.  (*Id.* at 2.)

On July 20, 2010, Petitioner moved for state habeas relief in the Johnson County Superior Court.  (Br. in Supp. of Mot. to Dismiss Pet. as Untimely Ex. 1, ECF No. 15) The state court denied Petitioner's request for habeas relief on May 26, 2011.[3]  (Br. in Supp. Ex. 2.)  Petitioner did not appeal the denial of his writ for habeas corpus to the Supreme Court of Georgia.  (Pet. for Writ of Habeas Corpus 6.)  The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Petitioner on May 23, 2011. (*Id.* at 14.)

## DISCUSSION

### I.    The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  "The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

---

guilty to seven counts of sexual exploitation of children and was sentenced to 30 years with 15 to serve.  (Br. in Supp. 1, Ex. 2 at 1.)  Since this is being decided on a motion to dismiss, the Court recites Petitioner's version of his sentence.

[3] Petitioner states in his application for habeas relief that the state habeas court ruled on his petition on October 27, 2010.  Respondents submitted the state court's final order as an exhibit to their brief in support.  This final order is dated May 26, 2011.  (Br. in Supp. Ex. 2.)  October 27, 2010, was the date of Petitioner's habeas hearing before the state court.  (Br. in Supp. Ex. 3.)

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

. . .

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final."  *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II.    Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely.  Under Georgia law, a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment . . . ."  O.C.G.A. § 5-65-38.  Petitioner was convicted and sentenced on March 18, 2009.  (Pet. for Writ of Habeas Corpus 1.)  Petitioner did not file an appeal, and his judgment became final on April 18, 2009.  28 U.S.C. § 2244(d)(1)(A); *see also, Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (explaining that defendant's judgment became final on "the date on which his 30-day right to appeal the . . . judgment expired").  Consequently, Petitioner's one-year AEDPA

3

limitations period began to run on April 18, 2009, and expired on April 19, 2010.

Petitioner's state habeas corpus petition was not filed until July 20, 2010.  (Pet. for Writ of Habeas Corpus 2.)  This petition was filed three months after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition.  *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").  Likewise, Petitioner's federal habeas petition filed on May 23, 2011, more than a year following the expiration of the AEDPA statute of limitations, fails to invoke the jurisdiction of this Court.  Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

## III.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner

4

cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

THEREFORE, IT IS RECOMMENDED that Petitioner's action be DISMISSED as untimely.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 28th day of September, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE